IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

KATHLEEN HAMMET,

    Plaintiff,

vs.                                          No. 1:18-cv-958

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.
and, WALMART, INC. FORMERLY WALMART STORES, INC.,

    Defendants.

## COMPLAINT UNDER ERISA FOR RECOVERY OF DISABILITY INSURANCE

COMES NOW, Jeffrey B. Diamond attorney for the Plaintiff, Kathleen Hammet, and for cause of action against the Defendants, states:

1. Plaintiff is a resident of Williamsburg, Sierra County, New Mexico. At all times material hereto, she was an employee of the Defendant Walmart Stores, Inc., aka Walmart Inc., and had an employee number of HC 31 #69.

2. Defendants engage in business in the State of New Mexico. This action is brought pursuant to 29 USC § 1132, §502(a) of the Employee Retirement Income Security Act of 1974. Jurisdiction and venue are proper in this Court pursuant to Subsection (e)(1) of 29 USC § 1132.

3. In 2015, the Plaintiff became disabled as the result of multiple physical impairments, including, but not limited to the following: Systemic Lupus, Erythematous and an Aortic Aneurysm in major branches. The Plaintiff had been employed by the Defendant Walmart Associates, Inc., from 2012, through August, 2015, and became unable to work beginning on August 16, 2015.

4. The Plaintiff made two applications for short term disability benefits through Sedgwick Claims Management Services, Inc., on behalf of Defendant Walmart, submitted proper and due proof of her medical impairments to Defendants Sedgwick acting as the Agent for Defendant Walmart, and was negligently, fraudulently, in bad faith, erroneously, arbitrarily, and capriciously denied benefits under the Walmart STD plan by letter dated November 21, 2015 after having exhausted her appeal rights under the plan. Plaintiff was informed by the Defendants that she had a right to bring civil action under section 502(a) of the Employee Retirement Income Security Act of 1974 as amended, and that is basis upon which this claim is predicated.

5. Plaintiff timely filed her claim for benefits, and the subject claim for benefits was improperly denied by the Defendants on February 14, 2018. Although the Plaintiff made timely appeals and requests for reconsideration of the denials prior to February 14, 2018, it would be futile for the Plaintiff to engage in further administrative appeals and reconsideration, and thus, the Plaintiff has exhausted her administrative remedies.

6. Being denied benefits under the plan, the Plaintiff applied for Social Security Disability Insurance Benefits, provided the same medical evidence to Social Security that she did to the Defendants, as well as additional information regarding her worsening medical condition and subsequent medical treatment, and a hearing was scheduled for September 17, 2018, before Honorable Frederick Upshall, United States Administrative Law Judge via-video tele conference in Las Cruces, New Mexico.

7. Based upon the vast experience of Plaintiff's counsel with Social Security Disability hearings, the Plaintiff believes that her claim was not only meritorious, but granted based upon her date of birth of May 21, 1954, and her inability to have engaged in substantial gainful activity since August 16, 2015 a period in access of a year since she was forced by her multiple impairments to leave her employment with the Defendant Walmart.

8. This substantiates the claim of the Plaintiff that the denial of benefits by the Defendants was arbitrary and capricious. On numerous occasions, the Plaintiff has sought application for Long Term Disability, which is also an employee benefit provided to Plaintiff by the Defendants, and the Defendants have refused to accommodate the Plaintiff's request for an LTD application. Such intransigence on the part of Defendants has resulted in a violation in the Plaintiff's rights under ERISA for which the Defendants should be liable.

9. That as a result of Plaintiff being forced to bring this action, the defendants should be ordered to pay reasonable attorney fees for Plaintiff's necessary representation herein, as well as all court costs.

Respectfully submitted,

JEFF DIAMOND LAW FIRM

*[signature]*

JEFFREY B. DIAMOND
PO Box 1866
Carlsbad, NM 88221-1866
PHN: (575) 885-3500
FAX: (575) 885-6138
*Attorney for Plaintiff*
jdiamond@jeffdiamondlawfirm.com